UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
ENTERED

AUG 0 5 2015

David J. Bradley, Clerk of Court

| | |
|---|---|
| ISRAEL JONATHAN § | |
| SALAZAR-RODRIGUEZ, § | |
| Movant, § | |
| § | |
| v. § | Civil Action No. B-15-110 |
| § | Criminal Action No. B-13-172-1 |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

### MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

The Court is in receipt of Israel Jonathan Salazar-Rodriguez's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereinafter, Salazar-Rodriguez's "Motion" or "§ 2255 Motion") (Dkt. No. 1), as well as Salazar-Rodriguez's response to the Court's Order to Show Cause (hereinafter, Salazar-Rodriguez's "Response"). Dkt. No. 8. It is recommended that Salazar-Rodriguez's § 2255 Motion be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1). Additionally, it is recommended that the Court decline to issue a certificate of appealability.

### I. Jurisdiction

This Court has jurisdiction over Salazar-Rodriguez's § 2255 Motion pursuant to 28 U.S.C. § 1331 and § 2255.

## II. Background and Procedural History

On September 11, 2013, Salazar-Rodriguez entered into a written plea agreement with the Government, agreeing to plead guilty to being an alien unlawfully found in the United States after deportation, having previously been convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b). *See United States of America v. Israel Jonathan Salazar Rodriguez*, No. 1:13cr00172-1, Dkt. No. 28 at 1, 8-9.[1] Salazar-Rodriguez then pleaded guilty before the Court pursuant to his plea agreement on September 13, 2013. CR Dkt. No. 41 at 1. On January 13, 2014, Senior United States District Judge Hilda Tagle sentenced Salazar-Rodriguez to 72 months in prison. *Id.* at 1-3. Judgment was entered on January 22, 2014. *Id.* at 1. Salazar-Rodriguez did not file a direct appeal. Dkt. No. 1 at 2.

On June 3, 2015, Salazar-Rodriguez filed his instant § 2255 Motion. Dkt. No. 1 at 12.[2] His Motion asserts three claims for relief based on the alleged ineffectiveness of his counsel. *Id.* at 4-7. On June 18, 2015, the Court reviewed Salazar-Rodriguez's § 2255 Motion and issued an Order to Show Cause. Dkt. No. 5. This Order notified Salazar-Rodriguez that his § 2255 Motion appeared untimely on the face of the record pursuant to 28 U.S.C. § 2255(f), and directed him to show

---

[1] Hereinafter, Salazar-Rodriguez's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2] Salazar-Rodriguez states that he placed his § 2255 Motion in the prison mailing system on June 3, 2015. Dkt. No. 1 at 12. The Court will consider his Motion filed on that date. *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

cause, on or before July 24, 2015, as to why his Motion should not be dismissed as untimely. *Id.* The Order also instructed the Government to notify the Court if it intended to waive its statute of limitations defense. *Id.*

Salazar-Rodriguez complied with the Order to Show Cause by filing his Response. Dkt. No. 8.[3] Salazar-Rodriguez's Response does not address the timeliness of his § 2255 Motion, or provide the Court with a reason to equitably toll his limitations period. Instead, Salazar-Rodriguez's entire Response is dedicated to arguing that this Court could not convict him in the first instance because it lacked subject matter jurisdiction. Although somewhat unclear, Salazar-Rodriguez's Response indicates that he believes the Court lacked jurisdiction to convict him because "no complantant ever proved or even alleged injury, causation or redressability[.]" *Id.* at 6 (errors in original). Among other things, he also states that the Court improperly invoked "hypothetical" jurisdiction, "judicially decreed" jurisdiction, and "relied upon the statutory permission approach in order to reach the merits of the allegations against movant." *Id.* Salazar-Rodriguez concludes his Response by asking the Court to "enter an order dismissing this case that movant be immediately 'deported' to the country of his birth." *Id.* at 9 (errors in original).

### III. 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if (1) the sentence was imposed in violation of the Constitution

---

[3] As of the date of the submission of this Report, the Government has not waived its limitations defense.

or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## IV. Discussion

Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[4] amended 28 U.S.C. § 2255 to provide for a one-year limitations period applicable to motions filed under 28 U.S.C. § 2255. *See* 28 U.S.C.A. § 2255(f). Pursuant to § 2255(f), the one-year limitation period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f).

In this case, Salazar-Rodriguez has not submitted any information invoking § 2255(f)(2)-(4).[5] Accordingly, § 2255(f)(1) applies to his § 2255 Motion. Pursuant to § 2255(f)(1), Salazar-Rodriguez's one-year limitations period began to run on the date his conviction became final. When a defendant does not appeal, the judgment of conviction becomes final on the last day the defendant could have filed a notice of appeal. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008); *United States v. Scruggs*, 691 F. 3d 660, 669 (5th Cir. 2013). As Salazar-Rodriguez did not appeal, his conviction became final on February 5, 2014—fourteen days after the entry of his January 22, 2014 judgment. *See* FED. R. APP. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . the entry of either the judgment or the order being appealed"); *Ross v. Global Marine*, 859 F.2d 336, 337 (5th Cir. 1988) ("Repeatedly, we have held that the time for appealing from a judgment is measured from the date of entry, or docketing, not the date of signing by the judge or the date of filing.") (citations omitted). Thus, Salazar-Rodriguez had until

---

[5] As discussed more fully below, Salazar-Rodriguez's allegations fail to demonstrate that a government-created impediment prevented him from filing his § 2255 Motion on time. Therefore, in addition to failing to invoke § 2255(f)(3)-(4), he has also failed to invoke § 2255(f)(2). *See Martinez–Fuentez v. United States*, No. 1:10cv357, 2013 WL 4778508, at *2 n. 4 (E.D. Tex., Sept. 4, 2013) ("[G]eneralized statements of alleged limited access to legal materials at the prison facility are insufficient to raise an issue of a government-created impediment [under Paragraph (2) of Subsection 2255(f) ].").

February 5, 2015, to file his instant § 2255 Motion. Having filed his § 2255 Motion on June 3, 2015, his Motion is nearly four months late and is, therefore, **barred by the AEDPA statute of limitations**.

In his § 2255 Motion, Salazar-Rodriguez contends that he should be allowed to proceed despite his untimeliness. Dkt. No. 1 at 11. He argues that he should be allowed to proceed because certain circumstances combined to prevent him from filing his Motion prior to the February 5, 2015 expiration of his limitations period. *Id.* He states:

> The judgment of my conviction became final over one year ago. However, the 1-year statute of limitations does not bar my motion because I was prevented from making such a motion by government created action such as transferring me to a county jail without access to a law library from September 2014 thru January 2015. In addition, the USp Big Sandy law library access is unconstitutional because it operates under a restrictive and discriminatory law library schedule which interferes with my access to jailhouse lawyer assistance and/or adequate access and time for research and studies on habeas corpus practice and procedure. Accordingly, I believe I am entitled to equitable tolling.

*Id.* (errors in original, formatting altered).

Here, although Salazar-Rodriguez states that he is seeking equitable tolling, his argument can be construed, both as an attempt to obtain equitable tolling of his limitations period, and as an attempt to invoke § 2255(f)(2). Pursuant to § 2255(f)(2), if a movant shows that an unconstitutional government-created impediment prevented him from filing a timely § 2255 motion, the movant's one-year limitation period will begin to run on the date the impediment was removed. 28 U.S.C. § 2255(f)(2). To invoke § 2255(f)(2), then, a movant must show that (1) he

was prevented from filing his § 2255 motion (2) by government action (3) in violation of the Constitution or federal law. *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003) (construing the similar limitations provision applicable to petitions filed by state prisoners under 28 U.S.C. § 2254).[6]

To obtain equitable tolling, a movant must show (1) that he has pursued his rights diligently, and (2) that some extraordinary circumstance prevented his timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citations omitted). The movant bears the burden of establishing an entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling decisions "'must be made on a case-by-case basis[.]'" *Palacios*, 723 F.3d at 606 (quoting *Holland*, 560 U.S. at 649-650). Such decisions do not lend themselves to "'bright-line rules[.]'" *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 n. 9 (5th Cir. 1999)).

"Equitable tolling is permitted only 'in rare and exceptional circumstances.'" *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). In general, equitable tolling applies only when

---

[6] In this Report, where appropriate, the Court sometimes relies upon authority governing petitions brought pursuant to 28 U.S.C. § 2254, as that authority is also generally applicable to motions brought pursuant to 28 U.S.C. § 2255. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 864 n.4 (5th Cir. 2000) (in general, decisions governing § 2254 actions are equally applicable to decisions governing § 2255 actions, and vice-versa, and courts need not "adhere to the linguistic 'motion/petition' distinction" when referring to proceedings under either section) (quoting *United States v. Flores*, 135 F.3d 1000, 1002 n. 7 (5th Cir. 1998)).

the respondent actively misleads the petitioner about the case, or where some other extraordinary event or circumstance prevents the petitioner from asserting his rights. *Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2006). A prisoner's pro se status, lack of legal training, or ignorance of the law will ordinarily fail to justify equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Similarly, an inadequate law library will only delay or toll the running of the AEDPA limitations period in limited circumstances. *Krause v. Thaler*, 637 F.3d 558, 561-562 (5th Cir. 2011).

With respect to equitable tolling, the Court must first determine whether Salazar-Rodriguez exercised reasonable diligence in pursuing his § 2255 rights. *See Holland*, 560 U.S. at 649. Although he states that he had no library access from September 2014 through January 2015, he has alleged no facts indicating that he was diligently pursuing his rights from February 5, 2014, through August 31, 2014. Likewise, he has alleged no facts indicating that he was diligently pursuing his rights from February 1st to February 5th of 2015. The Fifth Circuit has routinely held that prisoners are not entitled to equitable tolling when they allow several months to pass before attempting to pursue their habeas rights. *See Palacios*, 723 F.3d at 606 (collecting cases). Salazar-Rodriguez has alleged no facts indicating that he is entitled to equitable tolling, despite his delay in pursuing his rights, under this Fifth Circuit authority.

Salazar-Rodriguez also complains that his prison law library was operated in a way that interfered with his "access to jailhouse lawyer assistance and/or

adequate access and time for research and studies on habeas corpus practice and procedure." Dkt. No. 1 at 15. Salazar-Rodriguez's statement here is vague and conclusory. He does not provide the Court with any facts indicating that he was diligent in attempting to write and file his instant § 2255 Motion. Furthermore, even if Salazar-Rodriguez's access to legal material and/or assistance was somewhat restricted, he still had the option to file a skeletal § 2255 motion before the deadline, and either supplement the motion immediately thereafter, or file a motion for an extension to supplement which explained his need for more time. *See, e.g., Haynes v. Quarterman*, No. 3-05-CV-1935-B, 2006 WL 1937514, at *4 (N.D. Tex., July 11, 2006) (petitioner failed to show the reasonable diligence required for equitable tolling because he could have filed a skeletal motion on time and supplemented later, rather than miss his limitations deadline). Salazar-Rodriguez has failed to demonstrate that he did not have this option. He has not claimed that he was refused stamps, paper, an envelope, or the use of a writing instrument. He has not otherwise alleged that he was physically prevented from filing on time, or mentally unable to assert his alleged factual bases for relief.

Salazar-Rodriguez has also failed to demonstrate that extraordinary circumstances prevented him from filing his § 2255 Motion on time. For the same reasons, he has also failed to invoke § 2255(f)(2) by showing that that (1) he was prevented from filing his § 2255 motion (2) by government action (3) in violation of the Constitution or federal law. A habeas petitioner "cannot merely show that the law library or legal assistance is inadequate; he must also establish that the

inadequacy actually prevented him from timely filing his petition." *Martinez–Fuentez v. United States*, 2013 WL 4778508, at *2 n. 4 (citing *Krause v. Thaler*, 637 F.3d 558, 562). Salazar-Rodriguez's allegations about the restrictions on his access to legal materials and assistance fail to make this showing because they are vague and conclusory. He does not state that he was prevented from accessing the law library, legal assistance, or legal materials; he merely suggests that his access was somewhat restricted. His allegations here fail because he does not provide the Court with any facts which would allow it to determine the nature, degree, or extent of the alleged restrictions on his access. He does not identify any unconstitutional government-created impediment, nor does he show that such an impediment caused him to file his § 2255 Motion more than three months too late.

Finally, to the extent that Salazar-Rodriguez's Response states that he should be allowed to proceed because the Court lacked jurisdiction to convict him, and he may raise the Court's "lack of subject matter jurisdiction" at any time (Dkt. No. 8 at 1), Salazar-Rodriguez's argument fails. First, Salazar-Rodriguez's argument that the Court lacked the jurisdiction to convict him is frivolous. Although Salazar-Rodriguez does recite some general legal principles pertaining to the jurisdiction of the federal courts, he has alleged no facts indicating that this Court lacked jurisdiction to convict him in *United States v. Salazar-Rodriguez*. *See generally* Dkt. No. 8. The Court did not lack jurisdiction to convict and sentence Salazar-Rodriguez. *See United States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013) ("[A] federal criminal case is within the subject matter jurisdiction of the district

court if the indictment charges . . . that the defendant committed a crime described in Title 18 or in one of the other statutes defining federal crimes.") (internal footnotes and citations omitted).

Second, collateral challenges of the type raised in Salazar-Rodriguez's Response are still subject to the AEDPA statute of limitations. *See United States v. Scruggs*, 691 F.3d 660, 666-667.

> [A] challenge to the court's subject matter jurisdiction over a case may be raised at any time because it goes to the court's very power to hear the case. But at issue in Scruggs's claim is not that the court lacks power to adjudicate this case—his § 2255 motion—but rather a want of jurisdiction in his criminal case. Jurisdictional claims are subject to the one-year limitations period for § 2255 claims, and such claims may only form the basis for second or successive § 2255 motions if movants meet the requirements of §§ 2244 and 2255(h). In sum, the statutory limitations on § 2255 review apply to jurisdictional claims.

*Id.* (footnotes and citations omitted). Thus, Salazar-Rodriguez's Response to the Court's Order to Show Cause does not allow him to avoid the application of the AEDPA statute of limitations.

## V. Conclusion

It is well-established that the AEDPA limitations period is strictly construed. *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002) ("Congress has imposed a strict one-year limitations period for the filing of all habeas petitions under the AEDPA, subject only to the narrowest of exceptions."). Salazar-Rodriguez's § 2255 Motion is untimely by almost four months. He has not alleged facts to show that the running of his limitations period should be governed by § 2255(f)(2). He has not

demonstrated (1) that he has been pursuing his § 2255 rights diligently, and (2) that some extraordinary circumstance prevented him from filing his § 2255 Motion on time. Accordingly, Salazar-Rodriguez's § 2255 Motion should be dismissed as untimely pursuant to 28 U.S.C. § 2255(f)(1).

## VI. Recommendation

It is recommended that Salazar-Rodriguez's § 2255 Motion be dismissed as untimely pursuant to 28 U.S.C. § 2255(f)(1). Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VII. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Salazar-Rodriguez has not made a substantial showing of the denial of a constitutional right.

## VIII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 5th day of August, 2015.

_____
Ignacio Torteya, III
United States Magistrate Judge